IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER DALE GODWIN,

                Plaintiff,

v.

DR. ADEYEMI FATOKI and
RN KATHY WHALEN,

                Defendants.

OPINION AND ORDER

14-cv-504-wmc[1]

---

Plaintiff Roger Dale Godwin is presently incarcerated at the Sauk County Jail in Baraboo. Godwin has filed this complaint under 42 U.S.C. § 1983, against a doctor and a nurse employed at the Jail. Because he has not paid the filing fee, Godwin presumably seeks leave to proceed without prepayment of fees and costs. As an initial matter, Godwin's case is governed by the Prison Litigation Reform Act of 1996 (the "PLRA"). The PLRA requires a court to screen each complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for them. *See* 28 U.S.C. § 1915A. Once an inmate incurs three "strikes" for filing meritless claims, the PLRA further precludes an inmate from bringing a civil action or appealing a civil judgment *in forma pauperis* unless he demonstrates that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] The court notes that the plaintiff was indicted in this district in May 2013, for sending threatening communications through the mail to other members of the judiciary, including the United States District Judge Barbara Crabb and United States Magistrate Judge Stephen Crocker. *See United States v. Godwin*, 13-cr-51 (W.D. Wis.). This court recused itself from presiding over the criminal case as a matter of policy. There is no basis for recusal here, however, and no reason the court cannot fairly and impartially consider the pleadings in this civil action.

Court records confirm that at least three of Godwin's previous lawsuits have been dismissed as legally frivolous, malicious or failed to state a claim upon which relief may be granted. *Godwin v. Sutton*, 05-cv-493-bbc (W.D. Wis. Sept. 12, 2005); *Godwin v. Bridgewater*, 05-cv-bbc (W.D. Wis. Nov. 7, 2005); and *Godwin v. Frank*, 06-cv-489-bbc (W.D. Wis. Sept. 22, 2006). It follows that Godwin may proceed *in forma pauperis* only to the extent that his complaint demonstrates an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Given Godwin's dubious history of litigation, the court is understandably skeptical of his claim here. For reasons set forth briefly below, not the least of which is the fact that Godwin is ineligible to proceed as a pauper, this case must be dismissed.

## ALLEGATIONS OF FACT

In addressing any *pro se* litigant's pleadings, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court accepts plaintiff's well-pleaded allegations as true and assumes the following probative facts:

At all times relevant to the complaint, Godwin has been in custody at the Sauk County Jail. The defendants, Adeyemi Fatoki and Kathy Whalen, are employed at the jail as a physician and a registered nurse, respectively.

Godwin contends that he has been diagnosed with manic depression, post-traumatic stress disorder, anxiety and a personality disorder. At a previous prison facility, Godwin was treated for depression.

Godwin claims that he has been denied "psychotropic medication" to treat his depression since he has been in custody at the Sauk County Jail. Godwin explains that a psychologist at the Jail referred him to a medical doctor for medication. In connection with that referral, Godwin was seen by Dr. Fatoki on June 19, 2014. On that occasion, however, Dr. Fatoki refused to prescribe Godwin anything to treat his depression. On June 27, 2014, Godwin reportedly asked to be placed on "suicide prevention" status due to his depression and other disorders, but Dr. Fatoki still refused to prescribe anything.

Godwin contends that Dr. Fatoki and Nurse Whalen, who also reportedly ignored his requests for treatment, have violated his rights under the Eighth Amendment. He seeks $1 million in compensatory damages and $100,000.00 in punitive damages for the violation of his constitutional rights.

## OPINION

To demonstrate an imminent danger for purposes of § 1915(g), an inmate must articulate specific facts showing that a "threat" or risk of physical harm is both "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The imminent-danger exception requires the risk of serious physical injury to exist at the time the complaint is filed. *See id.* Thus, allegations of past harm do not fit within the imminent-danger exception for purposes of proceeding *in forma pauperis. See id.* (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Here, Godwin provides no details about his alleged past diagnosis of depression or other mental illness, nor does he allege, much less identify the kind of medication he was

3

previously prescribed and is now being denied to treat that condition. Moreover, Godwin acknowledges in the complaint that he is currently receiving treatment for his mental health needs from a psychologist at the Jail and has been referred to a medical doctor for possible medication. More importantly, to the extent that Godwin claims that defendants were deliberately indifferent to his need for medication, he does not allege specific facts indicating that serious physical injury is imminent. *See Ciarpaglini*, 352 F.3d at 330; *see also Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (requiring an inmate to make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). For this reason, leave to proceed *in forma pauperis* will be denied.

Ordinarily, the court would offer Godwin an opportunity to pay the filing fee in order to proceed with his claims. The pleadings in this case, however, do not state a claim upon which relief may be granted for purposes of 28 U.S.C. § 1915A(b)(1). Prison officials violate the Eighth Amendment only if they are "deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Liberally construed, Godwin claims that Dr. Fatoki saw him more than once for his complaints of depression and determined that no prescription was necessary. At most, Godwin alleges a disagreement with a medical professional about his needs, not a refusal to continue a medication regimen that other doctors previously prescribed to address Godwin's ongoing mental health needs, much less needs that if unaddressed would likely lead to suicide or other substantial self-harm. This does not state a cognizable Eighth Amendment claim under the deliberate

4

indifference standard. *Estelle v. Gamble*, 429 U.S. 97, 107-08 (1976); *Ciarpaglini*, 352 F.3d at 331. For this additional reason, the court will not grant Godwin leave to proceed.

ORDER

IT IS ORDERED that plaintiff Roger Dale Godwin's request for leave to proceed is DENIED and this case is DISMISSED.

Entered this 8th day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge